UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:22-CV-00180-JSM-PRL

DANIEL LUGO,

      Plaintiff,

vs.

AASHRAY, LLC,

      Defendant.

_____/

**DEFENDANT'S ANSWER AND STATEMENT OF DEFENSES TO COMPLAINT**

Defendant, Aashray, LLC ("Aashray" or "Defendant"), pursuant to Federal Rule of Civil Procedure 12, submits this Answer and Defenses to the Complaint of Plaintiff, Daniel Lugo and, responding to the correspondingly numbered paragraphs thereof, states:

**JURISDICTION**

1. Defendant admits that this purports to be an action brought pursuant to Title III of the Americans with Disabilities Act ("ADA"), and that such actions are generally within the Court's subject-matter jurisdiction. Defendant denies it has violated the ADA, that Plaintiff has adequately alleged such a cause of action, or that any such relief is appropriate under the circumstances.

## VENUE

2. Defendant admits that venue is proper in the Middle District of Florida, but specifically denies that it has violated the ADA.

## PARTIES

3. In response to the allegations in Paragraph 3 of the Complaint, Defendant states it is without knowledge as to Plaintiff's residence or alleged disability and therefore denies same. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits that it is the operator and/or owner of the Econo Lodge described in this Paragraph. Defendant further admits that reservations can be made through the website identified in this Paragraph and/or through booking.com. Defendant denies the remaining allegations and specifically denies it has violated the ADA.

## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5. In response to the allegations in Paragraph 5 of the Complaint, Defendant states that the ADA speaks for itself. Plaintiff makes no allegations of ultimate fact and therefore no response is required. To the extent a response is required, Defendant is without knowledge and therefore denies same.

6. In response to the allegations in Paragraph 6 of the Complaint, Defendant states that the regulations speak for themselves. Plaintiff makes no allegations of ultimate fact and therefore no response is required. To the extent a response is required, Defendant is without knowledge and therefore denies same.

7. In response to the allegations in Paragraph 7 of the Complaint, Defendant states that the regulations speak for themselves. Plaintiff makes no allegations of ultimate fact and therefore no response is required. To the extent a response is required, Defendant is without knowledge and therefore denies same.

8. In response to the allegations in Paragraph 8 of the Complaint, Defendant states that the DOJ Official Comments speak for themselves. Plaintiff makes no allegations of ultimate fact and therefore no response is required. To the extent a response is required, Defendant is without knowledge and therefore denies same.

9. In response to the allegations in Paragraph 9 of the Complaint, Defendant admits that it operates the Econo Lodge, offering a place of lodging to the public. The remaining allegations in Paragraph 9 of the Complaint constitute legal conclusions which do not require a response. To the extent a response is required, Defendant denies same.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

**COUNT I-CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA THE ECONO LODGE'S RESERVATION SYSTEM**

13. Defendant incorporates by reference its answers to Paragraphs 1 through 12.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. On information and belief, Defendant admits that Plaintiff has retained the attorney who filed this action. Defendant otherwise denies the allegations of Paragraph 16.

17. Paragraph 17 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations. Defendant further denies any violation of the ADA.

Defendant denies Plaintiff is entitled to the relief requested in the unnumbered WHEREFORE clause following Paragraph 17 of the Complaint, or any relief whatsoever.

## COUNT II-CLAIM FOR INJUCTIVE RELIEF PURSUANT TO THE ADA THE THIRD PARTY RESERVATION SERVICE

18. Defendant incorporates by reference its answers to Paragraphs 1 through 12.

19. Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations. Defendant further denies any violation of the ADA.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. On information and belief, Defendant admits that Plaintiff has retained the attorney who filed this action. Defendant otherwise denies the allegations of Paragraph 21.

22. Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations. Defendant further denies any violation of the ADA.

Defendant denies Plaintiff is entitled to the relief requested in the unnumbered WHEREFORE clause following Paragraph 22 of the Complaint, or any relief whatsoever.

## STATEMENT OF DEFENSES

1. Plaintiff's Complaint fails in whole or in part to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of Defendant.

3. Plaintiff lacks standing to bring some or all of the claims alleged in this action and/or to obtain the relief requested.

4. Defendant's website is not a place of public accommodation under Title III of the Americans with Disabilities Act ("ADA").

6. Any denial of equal access to services or accommodations was not unlawful because access could not be provided without fundamentally altering the nature and/or character of the business establishment and the goods and services provided therein.

7. The requested accommodations are not readily achievable and/or reasonable.

8. Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because appropriate accessibility changes have been made and continue to be made to the extent such changes are readily achievable. To the extent that any changes have not been made that Plaintiff contends should have been made, those changes are not required under applicable law and are not readily achievable.

9. Plaintiff lacks standing to assert the Complaint, and each purported claim for relief alleged therein, as to any alleged disability access violation not actually encountered by him because Plaintiff cannot show injury in fact as to such alleged violations.

10. Plaintiff has demanded modifications that are not readily achievable, technically infeasible, not required, would create an undue hardship, or would fundamentally alter the way goods and services are provided.

11. Plaintiff's Complaint, and each purported claim for relief alleged therein, are barred because Defendant acted reasonably, honestly, in good faith, and in a nondiscriminatory manner based on all relevant facts and circumstances known by it at the time at the time it so acted.

12. Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because Plaintiff had and has the same access as non-disabled persons.

13. Defendant reserves the right to move this Court to amend the foregoing defenses and/or add defenses based on information obtained during discovery.

WHEREFORE, Defendant respectfully requests this Honorable Court: (i) enter judgment in its favor and against Plaintiff; (ii) award its cost of suit herein; and (iii) grant such other relief as this Court may deem just and proper.

Dated:   May 31, 2022

Respectfully submitted,

/s/ Kimberly Rivera
Kimberly Doud, Bar No.  523771
Email:  kdoud@littler.com
Kimberly R. Rivera, Bar No. 124822
Email:  krivera@littler.com
Littler Mendelson, P.C.
111 N. Orange Avenue, Ste 1750
Orlando, FL  32801.2366
Telephone:  407.393.2900
Facsimile:  407.393.2929
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this this 31st day of May 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Kimberly R. Rivera
Kimberly Rivera

4884-9213-0850.1 / 116081-1001